**In re Rockne W. ONSTAD.**

No. 06–00–00065–CV.

Court of Appeals of Texas,
Texarkana.

Submitted May 23, 2000.
Decided May 24, 2000.
Rehearing Overruled June 21, 2000.

John R. Mercy, Mercy, Carter & Elliott, LLP, Texarkana, for relator.

Troy A. Hornsby, Miller, James, Miller, Wyly, Hornsby, Jack E. Carter, Texarkana, for respondents.

Hunter T. Hillin, Hillin & Owen, LLP, Dorothy Prengler, Law Offices of Dorothy Prengler, P.C., Kay E. Ellington, Law Office of Joel J. Steed, Dallas, for real parties in interest.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Rockne Onstad, plaintiff's counsel in a medical malpractice lawsuit, has filed a petition for writ of mandamus asking this Court to find that a sanction levied against him personally was improper. The first question before this Court is whether the order of sanctions is subject to mandamus relief.

The record shows that during the course of a medical malpractice lawsuit, an order on a motion in limine was signed in which the trial judge ordered that no mention be made of a "shutdown" of a medical unit after the incident on trial. The surgical unit was shut down in June 1993. The surgery was in May 1993. During the course of the trial, plaintiff's witness Dr. James Hurley testified that he had not talked to a doctor since the program was shut down. Plaintiff's counsel then asked Hurley whether he had anything to do with the surgical program being shut

down. Hurley answered yes, and the trial judge immediately intervened, reminding counsel that the testimony was outside what was authorized.

Counsel then asked Hurley whether he had begun referring patients elsewhere because of the increase in infection, to which he answered yes. Counsel then asked him to compare the results at the transferree hospital with that at St. Michael Hospital during the first half of 1993. Hurley's answer was that, "Well, after the program was shut down, there was some places—."

The trial judge then intervened again, removed the jury, and reprimanded counsel for ignoring his ruling again. Defense counsel then moved for a mistrial, based on undue prejudice caused by the admission of the evidence. The court reserved taking further action at that time and proceeded with the case.

The next day, before proceedings began, the trial judge stated that he had the court reporter transcribe the relevant portions of testimony and had reviewed it. Based on counsel's direct disregard of his order, the judge ordered a mistrial. He then informed all counsel by letter that he would hold a hearing on sanctions. That hearing was conducted on March 23, 2000. All parties were given the opportunity to present evidence and make arguments. The judge stated that he would impose sanctions. Evidence was then presented about the expenses incurred by the defendants up to the point of mistrial, and the court imposed sanctions in that total amount.

The sanctions are, according to the order, payable by Rockne Onstad personally and were due to be tendered to opposing counsel by May 1, 2000. The trial judge stayed his order of payment pending this Court's disposition of the petition for writ of mandamus.

Ordinarily, monetary sanctions are not remediable by mandamus. *Braden v. Downey*, 811 S.W.2d 922, 928 (Tex.

1991) (adequate remedy by appeal exists for order of discovery sanctions). However, where monetary sanctions threaten the party's willingness or ability to continue the litigation, remedy by appeal is inadequate. *Id.* at 929. If a litigant contends that a monetary sanction precludes access to the court, the trial court must "either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation; or (2) [make] express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect." *In re Lavernia Nursing Facility, Inc.,* 12 S.W.3d 566, 571 (Tex.App.-San Antonio 1999, orig. proceeding), *quoting Braden,* 811 S.W.2d at 929.

■ In this case, the trial court has neither provided that the sanction is payable only post-litigation, nor explained how the sanction does not impact the ability to continue the litigation. That issue is not reached, however, because counsel has never claimed, either before this Court or the trial court, that this monetary sanction threatens the party's willingness or ability to continue the litigation.

In the words of the Texas Supreme Court:

> However, if a district court imposes monetary sanctions that are made payable prior to the entry of a final appealable order, a litigant may suffer a substantial restriction on his access to the courts. Financially strapped because of the sanctions award, a litigant is unable to proceed with his case on the merits. To avoid this harsh, inequitable scenario, **we conclude that if a litigant contends that a monetary sanction award precludes access to the court**, the district judge must either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation; or (2) makes express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect.

*Braden,* 811 S.W.2d at 929 (emphasis added), *quoting Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 882–82 n. 23 (5th Cir. 1988).

■ In summary, the imposition of monetary sanctions, such as attorney's fees, is reviewable on appeal from a final judgment and, for that reason, is not subject to mandamus. *Tjernagel v. Roberts,* 928 S.W.2d 297, 303 (Tex.App.-Amarillo 1996, orig. proceeding); *Electronic Data Sys. Corp. v. Tyson,* 862 S.W.2d 728, 736 (Tex.App.-Dallas 1993, orig. proceeding); *Susman Godfrey, L.L.P. v. Marshall,* 832 S.W.2d 105, 108 (Tex.App.-Dallas 1992, orig. proceeding).

Relator does not contend before the trial court, nor does he contend before this Court, that the monetary sanction the trial court imposed will affect his ability to appeal the sanctions order after final judgment. Neither does he contend before the trial court or before this Court that he is unable to pay the sanction. *See Braden,* 811 S.W.2d 922. We conclude that relator has an adequate remedy by appeal and mandamus will not lie.

Nevertheless, in the interest of justice, and considering the size of the sanction imposed, we suspend that portion of the trial court's order directing Onstad to make payment directly to the counsel involved, and instead order Onstad to pay the sanction into the registry of the court within thirty days of this opinion, to be deposited by the clerk pursuant to law, where it will remain until the final conclusion of the underlying proceeding and any appeal thereof.