In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00076-CV
______________________________


AMELIA SCHOOLCRAFT AND
ROBERT ALAN SCHOOLCRAFT, Appellants
 
V.
 
DEPARTMENT OF FAMILY AND
PROTECTIVE SERVICES, Appellee


                                              

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 68,825


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          In April 2005, the Texas Department of Family and Protective Services filed a
"Petition for Orders in Aid of Investigation of a Report of Child Abuse" regarding the two
young Schoolcraft children. The underlying report of abuse stemmed from allegations of
neglectful supervision on the part of the mother, Amelia Schoolcraft. 
          As part of the underlying proceedings, the trial court ordered the parents, Amelia
and Robert Schoolcraft, to allow the attorney ad litem access to the children for purposes
of interviewing the older child. A disagreement developed between the parties April 11
when an assistant to the Schoolcrafts' counsel refused to allow the children to be
interviewed by a forensic interviewer at the Children's Advocacy Center (CAC) rather than
speaking directly with the attorney ad litem. In response to this failure to cooperate, the
attorney ad litem moved the trial court to impose sanctions against the Schoolcrafts'
attorney. A hearing on this motion was held May 13, 2005, and the trial court orally
imposed unspecified sanctions against the Schoolcrafts' attorney. The trial court also
orally dismissed the underlying proceeding and indicated that the order imposing sanctions
was "a final judgment, as far as I’m concerned, and it is subject to appeal."


 
          On May 25, 2005, the Schoolcrafts filed their notice of appeal. On initial review, we
noted that no written order was included in the record. Our preliminary correspondence
with the parties indicated that no written order had been signed as of the filing of the notice
of appeal. We requested a supplemental clerk's record to include the trial court's written
order in this matter so we could determine whether we have jurisdiction over this appeal. 
          On November 18, 2005, we received and filed a supplemental clerk's record in this
matter which included the trial court's written order signed November 7, 2005. On our
second review of this record, we noted that the clerk's record demonstrated a probable
defect in our jurisdiction over this appeal. The written order from which the Schoolcrafts
attempt to appeal is one that only granted the attorney ad litem's motion for sanctions
against the Schoolcrafts' attorney for obstructing the ad litem's attempt to have one of the
Schoolcraft children interviewed at the CAC. The written order does not address the
disposition of the underlying case.
          This Court has jurisdiction only over appeals from final judgments or certain
specified interlocutory orders. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon
Supp. 2005); Onstad v. Wright, 54 S.W.3d 799, 803 (Tex. App.—Texarkana 2001, pet.
denied). Generally, an order imposing monetary sanctions is reviewed on appeal from the
final judgment in the case. See Onstad, 54 S.W.3d at 804; In re Onstad, 20 S.W.3d 731,
733 (Tex. App.—Texarkana 2000, orig. proceeding). Our review of the record on appeal
reveals no final judgment in this case. The trial court's order imposing sanctions fails to
dispose of all issues in the case pending below. Further, this interlocutory order is not one
over which we are granted the authority to hear. See Onstad, 54 S.W.3d at 803.
          On November 22, 2005, pursuant to Rule 42.3 of the Rules of Appellate Procedure,
we notified all parties of this jurisdictional defect and directed the parties to show the Court,
by December 2, 2005, grounds for continuing this appeal. See Tex. R. App. P. 42.3. We
warned the parties that, if no grounds were shown by December 2, the case would be
dismissed for want of jurisdiction. See Tex. R. App. P. 42.3(b). That deadline has passed,
and the Court has not received any correspondence from any party involved in this appeal. 
Therefore, we conclude, based on our review of this record, that we are without jurisdiction
to consider this appeal.


 
 
 
 
 
          Accordingly, as authorized by Rule 42.3(b), we dismiss this appeal for want of
jurisdiction. 
 

                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      December 21, 2005
Date Decided:         December 22, 2005