No









NO. 12-08-00497-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:  UNION PACIFIC                           §

RAILROAD COMPANY      

AND CONNELLY, BAKER,                                    §          ORIGINAL
PROCEEDING

WOTRING LLP        

                                                                        §                      







 

MEMORANDUM
OPINION

In
this original mandamus proceeding, Union Pacific Railroad Company and the
Connelly Baker Wotring law firm complain of an order signed by the Honorable
Jerry Calhoon, visiting judge in the 87th Judicial District Court of Anderson
 County, Texas.  The real party in interest is Mark G. Layton, and the
respondent is the Honorable Deborah Oakes Evans, presiding judge of the 87th
Judicial District Court.  We deny the petition.[1]

 

Background

This
proceeding arises out of a discovery dispute.  Mark G. Layton sued Union Pacific
under the Federal Employers’ Liability Act for personal injuries he allegedly
received as a result of Union Pacific’s negligence.  Layton appeared for his
deposition in Palestine, Texas.  Also present was one of his attorneys,
Christopher Wright, who is an attorney with C. Marshall Friedman, PC in St. Louis, Missouri.  An attorney with the Connelly Baker Wotring law firm (Connelly Baker)
appeared for Union Pacific.  Layton’s deposition did not take place because a
dispute arose over how many Union Pacific representatives could attend the
deposition.  

Wright
filed a motion seeking sanctions and a protective order, which the trial court
granted.  On December 3, 2008, the court signed an order requiring Connelly
Baker to pay Wright’s attorney’s fees, travel costs, and expenses for attending
the deposition in the sum of $4,430.19.  The trial court further ordered the law
firm to deliver the check to Wright within forty-five days after it received
the order.  Finally, the court ordered that Union Pacific could choose one
individual as its corporate representative to attend depositions in the case,
but the designated representative could not testify “in any form” at trial. 
This original proceeding followed.  Union Pacific also filed a motion for
temporary relief.  We granted the motion and stayed the trial court’s order
pending our disposition of this proceeding.

 

Prerequisites to
Mandamus

A
writ of mandamus will issue to correct a clear abuse of discretion when there
is no adequate remedy by appeal.  In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135‑36 (Tex.2004); Walker v. Packer,
827 S.W.2d 833, 839 (Tex.1992).  A trial court abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law or if it clearly fails to correctly analyze or apply
the law.  Walker, 827 S.W.2d at 839‑40.  The
relator has the burden to establish the prerequisites to mandamus. Canadian
Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex.1994).  This
burden is a heavy one.  Id.

The Award of Monetary Sanctions

Connelly
Baker challenges the portion of the trial court’s order imposing monetary
sanctions against the law firm.  It argues that the sanctions are improper
because, although Wright is licensed to practice law in Missouri, he was not
authorized to practice law in Texas at the time he presented Layton for his
deposition.  The firm further contends that it cannot appeal the sanctions
order because it is not a party to Layton’s lawsuit.  Therefore, it concludes, mandamus
is the only way it can challenge the order.  

We
recognize that, as a general rule, appeal is an inadequate remedy when
discovery sanctions are imposed against a nonparty.  See, e.g., City of
Houston v. Chambers, 899 S.W.2d 306, 308 (Tex. App.–Houston [14th
Dist.] 1995, orig. proceeding).  But a party’s attorney may appeal sanctions
imposed against him once an appealable judgment is rendered in the case.  See
Braden v. Downey, 811 S.W.2d 922, 928 n.6, 930 (Tex. 1991).  

Moreover,
monetary sanctions usually are not reviewable by mandamus.  Id.
at 928.  When a litigant contends that monetary sanctions preclude access to
the court, the trial court must either (1) provide that the sanction is payable
only at a date that coincides with or follows entry of a final order
terminating the litigation; or (2) make express written findings, after a
prompt hearing, as to why the award does not have such a preclusive effect.  Id .  If the trial court orders monetary sanctions paid before the rendition
of an appealable judgment, the sanctioned party may seek modification of the
trial court’s order by mandamus.  Id.  These rules apply when
sanctions are imposed against a party’s attorney.  See In re
Onstad, 20 S.W.3d 731, 733 (Tex. App.–Texarkana 2000, orig. proceeding
[mandamus denied]) (applying Braden v. Downey where trial court
imposed monetary sanctions against party’s attorney for violating motion in
limine); see also Braden, 811 S.W.2d at 930.  

In
this case, the sanctions against Connelly Baker are payable before an
appealable judgment is rendered, but the trial court did not make findings as
to why the award does not preclude access to the court. See Braden,
811 S.W.2d at 928.  However, the law firm did not argue at trial, and does
not contend in this court, that the sanctions have a preclusive effect or that
the law firm does not have the ability to pay the sanctions.  See In re
Onstad, 20 S.W.3d at 733.  Therefore, Connelly Baker has an adequate
remedy by appeal.

 

The Protective Order

Union
Pacific challenges the portion of the trial court’s order that prohibits a corporate
representative who attends depositions from testifying “in any form” at trial. 

            Mandamus
review is a “selective procedure” reserved for “significant rulings” in
“exceptional cases.”  In re Prudential, 148 S.W.3d at 136, 138.  Consequently,
it is well established that mandamus relief generally is not available to
correct rulings that “are mere incidents in the normal trial process.”  See,
e.g., Pope v. Ferguson, 445 S.W.2d 950, 954 (Tex. 1969); see also In re Prudential, 148 S.W.3d at 136.  However, appeal is
an inadequate remedy when any benefits to mandamus review outweigh the
detriments.  In re Prudential, 148 S.W.3d at 136.  The benefits to
mandamus include the preservation of important substantive and procedural
rights from impairment or loss, allowing appellate courts to give needed and
helpful direction to the law that would otherwise prove elusive in appeals from
final judgments, and sparing private parties and the public the time and money
that would be wasted obtaining a judgment that would eventually be reversed
because of improperly conducted proceedings.  Id.  In the
context of incidental rulings, the detriments include undue interference with
trial court proceedings, distraction of appellate court attention to issues
that are unimportant both to the ultimate disposition of the case at hand and
to the uniform development of the law, and unproductive additions to the
expense and delay of civil litigation.  Id.  

            Here,
Union Pacific likens itself to a party whose attorney has been wrongfully
disqualified by the trial court.  It points out that such disqualification can
result in immediate and palpable harm, disrupt trial court proceedings, and
deprive a party of the right to have counsel of choice.  See In re Nitla
S.A. de C.V., 92 S.W.3d 419, 422 (Tex. 2002).  It then asserts that a
trial court’s disqualification of a corporation’s designated representative
“creates a similar disruption that appeal cannot remedy.”  Specifically, Union Pacific
argues that, because of the trial court’s order, it has been forced into the
untenable position of either (1) choosing a corporate representative who would
never be a witness because he has no knowledge of the case or (2) foregoing the
ability to call a witness because that person has been designated as a
corporate representative.  

            The protective
order Union Pacific challenges is the result of a dispute that arose when Layton was presented for his deposition.  Union Pacific’s attorney appeared with two Union
Pacific employees, a claims representative and Layton’s supervisor.  Layton’s attorney asked that Union Pacific agree to proceed with only one representative. 
Its counsel declined, and the deposition did not take place. 

            At
the hearing on the protective order, Union Pacific’s attorney stated that,
despite  Layton’s attorney’s insistence at the deposition, she was not willing
to identify her corporate representative for a trial that was eight months
away.  Counsel further informed the court that she

would be happy to identify a representative on behalf
of Union Pacific, but I can’t be put in the position of identifying my
representative for purposes of trial before I’ve even taken the first
deposition.  It just—I would be—it’s just I do not have enough information to
be able to make that decision, and there’s nothing in the rules that would
require me to.

 

Counsel also stated
that Layton’s supervisor “is one that is both a corporate representative and he
most[] certainly is a fact witness. . . .”

Given
that discovery in the underlying proceeding is in its initial stages, we
understand counsel’s lack of information.  However, the result is that the
record before us contains no information about anyone other than potentially Layton’s
supervisor who would be disqualified by the trial court’s order from either
testifying as a fact witness or acting as the corporate representative at
trial.  Nor has Union Pacific shown how its inability to present Layton’s
supervisor as both fact witness and corporate representative affects the
presentation of its case.  Therefore, we cannot conclude at this juncture,
based on the record before us, that the benefits of mandamus outweigh the
detriments.  See In re Watson, 259 S.W.3d 390, 392 (Tex. App.–Eastland 2008, orig. proceeding).  Therefore, Union Pacific has an adequate
remedy by appeal.

 

Conclusion

            We
have held that both Connelly Baker and Union Pacific have an adequate remedy by
appeal.  Therefore, neither Connelly Baker or Union Pacific has established
that it is entitled to mandamus relief.[2] 
The petition for writ of mandamus is denied, and all pending
motions are overruled as moot.  Our stay of the trial court’s order is lifted.  


 

                                                                                                Brian T. Hoyle

                                                                                      
Justice

 

Opinion delivered November 25,
2009.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

(PUBLISH)










[1]
Although Judge Calhoon signed the order, nothing in the record indicates that
he was assigned to preside over the case.  See Remington Arms Co., Inc.
v. Caldwell, 850 S.W.2d 167, 168 n.1 (Tex. 1993) (mandamus issued
against judge assigned to preside over case instead of against presiding judge
of district court).  Nor does the record indicate that Judge Calhoon presently
has any authority to act for the 87th Judicial District Court.  Therefore, only
Judge Evans, as the elected judge of the 87th Judicial District Court, has the
authority to act on behalf of that court.  See Hoggard v. Snodgrass,
770 S.W.2d 577, 588 (Tex. App.–Dallas 1989, orig. proceeding).  Consequently,
she is the proper respondent in this proceeding.  See id.  

 





[2]
Because we have held that both Connelly Baker and Union Pacific have an
adequate remedy by appeal, we need not address whether the trial court abused
its discretion.  See Tex. R. App.
P. 47.1.