Petition
for Writ of Mandamus Denied and Memorandum Opinion filed April 15, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-01011-CV



 

In Re Midtown Surgical Center, Med-Psych Administrative
Services, Inc., Louis Varela, M.D., AND LEVI J. BENTON,
Relators



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM OPINION


Relators Midtown Surgical Center, Med-Psych
Administrative Services, Inc., Louis Varela, M.D. (the “Midtown Parties”) and
Levi Benton have filed a petition for writ of mandamus in this court.  See Tex.
Gov’t Code Ann. §22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In
the petition, relators ask this court to compel the Honorable Steven E.
Kirkland, presiding judge of the 215th District Court of Harris County, to set
aside his November 18, 2009 order (1) granting the motion to compel discovery
filed by real party in interest, Donna Woods-Jones, and (2) directing relators to
pay Woods-Jones’s attorney $4,697.50 in fees and expenses as sanctions for
discovery abuse.  

 

Background

Woods-Jones brought suit against the Midtown Parties
and two other defendants[1]
for alleged violations of the Texas Deceptive Trade Practices Act[2] and fraud,
alleging excessive charges for certain medical procedures performed on her. 
Woods-Jones served requests for production on the Midtown Parties and they
objected that certain of the requests were overbroad, vague, irrelevant, and
not reasonably calculated to lead to the discovery of admissible evidence. 
Woods-Jones filed a motion to compel discovery.  At a hearing on October 30,
2009, the trial court granted the motion to compel discovery and instructed the
parties to submit a proposed order to the court.  

On November 6, 2009, the Midtown Parties filed a
motion to reconsider the trial court’s order granting the motion to compel
discovery.  On November 10, 2009, Woods-Jones filed a response to the motion to
reconsider; the response included a request for sanctions.  At a hearing on
November 13, 2009, the trial court denied the Midtown Parties’ motion to
reconsider and imposed sanctions against relators.  On November 18, 2009, the
trial court signed an order (1) directing the Midtown Parties to produce the
subject documents on or before November 30, 2009, and (2) ordering relators, on
or before November 30, 2009, to pay Woods-Jones’s attorney $4,697.50 in fees
and expenses incurred in connection with the preparation and presentation of
her motion to compel and her response to the Midtown Parties’ motion to
reconsider as sanctions for discovery abuse.  

Standard of Review

To be entitled to the extraordinary relief of a writ
of mandamus, relators must show the trial court abused its discretion and there
is no adequate remedy by appeal.  In re Team Rocket, L.P., 256 S.W.3d
257, 259 (Tex. 2008) (orig. proceeding).  A trial court abuses its discretion
if it reaches a decision so arbitrary and unreasonable as to constitute a clear
and prejudicial error of law, or if it clearly fails to correctly analyze or
apply the law.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382
(Tex. 2005) (orig. proceeding) (per curiam); Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  In determining whether appeal
is an adequate remedy, we consider whether the benefits outweigh the detriments
of mandamus review.  In re BP Prods. N. Am., Inc., 244 S.W.3d 840, 845
(Tex. 2008) (orig. proceeding).  

Order Compelling Discovery

The Midtown Parties claim the trial court abused its
discretion by ordering them to produce documents that encompass activities,
matters, and time periods beyond those at issue in the case.[3] 
Woods-Jones served 111 requests for production on the Midtown Parties and they objected
to some of these requests for production as being overbroad, vague, irrelevant,
and not reasonably calculated to lead to discovery.  Following a hearing, the
trial court ordered the Midtown Parties to produce responsive documents for 28
of the requests.  In their petition for writ of mandamus, the Midtown Parties
do not separately address each request to which the trial court ordered them to
respond.  Therefore, we need not address the Midtown Parties’ claim that the
trial court abused its discretion by ordering production of documents
responsive to the subject requests.  See In re CSX Corp., 124 S.W.3d
149, 151 (Tex. 2003) (orig. proceeding) (per curiam) (“The burden of
establishing an abuse of discretion and an inadequate appellate remedy is on
the party resisting discovery, and this burden is a heavy one.”).  

Order for Sanctions

            Relators
further contend that the trial court abused its discretion by imposing
sanctions.  In their motion to reconsider the trial court’s order compelling
discovery, the Midtown Parties reasserted their prior objections to the
requests for production and requested that the trial court abate the discovery
order so they could file a no-evidence motion for summary judgment.  In her
response to the motion to reconsider, Woods-Jones sought sanctions “for not
only this Motion, but for the pattern of abuse Plaintiff has been subjected to
since this lawsuit began.”  Specifically, Woods-Jones alleged that the Midtown
Parties filed groundless pleadings, including the motion to reconsider with the
proposed no-evidence motion for summary judgment, prior motion for death
penalty sanctions, and a prior no-evidence motion for summary judgment. 
Woods-Jones also alleged that the Midtown Parties’ counsel refused to cooperate
in submitting a proposed discovery order to the trial court after the October
30, 2009 hearing.  

            At
the beginning of the November 13, 2009 hearing on the Midtown Parties’ motion
to reconsider, the trial court stated:

            THE COURT:  Counsel, what did I miss last
time?  You just disagree with my ruling or you have something that I didn’t
hear?

The
court engaged in the following colloquy with the Midtown Parties’ counsel:  

            MIDTOWN PARTIES’ COUNSEL:  Dr. Shanti performed
the service.  He’s not my client.

            The essence of her claim is that the bills are
too high.  What do my client’s financial records — he knows, he knows who the
owners are.  What do bank records, tax ID, correspondence have to do — how are
they relevant to whether or not there was a misrepresentation made that was
false, that she acted on in reliance?

            Judge, again, if you —

            THE COURT:  All right.  The only thing I think
I got wrong last time was I didn’t order sanctions last time.  You have a cost?

            COUNSEL FOR WOODS-JONES:  I can prepare that. 
I didn’t know if the Judge would entertain that but I can prepare that and
submit it. 

            MIDTOWN PARTIES’ COUNSEL:  Excuse me, Your
Honor.  Am I being sanctioned?

            THE COURT:  Yes. 

            MIDTOWN PARTIES’ COUNSEL:  May I ask what I’m
being sanctioned for?

            THE COURT:  Discovery abuse.  You don’t get to
say I am not guilty, my client is not guilty, I will not participate in
discovery.

            MIDTOWN PARTIES’ COUNSEL:  That’s not what —

            THE COURT:  That’s exactly what you have been
saying.  That’s exactly the way I read what your behavior is and I won’t stand
for it.  So you are sanctioned.  You have already told me you are going to
appeal my ruling.  Go do it.

            MIDTOWN PARTIES’ COUNSEL:  Your Honor, I dare
say I respectfully say I have done nothing that is sanctionable.  Every party
who is sued has right to defend itself and that’s all we have done.

            THE COURT:  All right.  Submit your order, your
bill of costs motion and order for sanctions.  Anything else?  

The Supreme Court of Texas has held that monetary
sanctions are generally not subject to review on mandamus.  See Braden
v. Downey, 811 S.W.2d 922, 928–29 (Tex. 1991) (orig. proceeding) (“If the
imposition of monetary sanctions threatens a party’s continuation of the
litigation, appeal affords an adequate remedy only if payment of the sanctions
is deferred until final judgment is rendered and the party has the opportunity
to supersede the judgment and perfect his appeal”).  Additionally, the Supreme
Court of Texas has held that parties have an adequate appellate remedy as to
sanctions orders.  See In Re Ford Motor Co., 988 S.W.2d. 714, 722 (Tex.
1998) (orig. proceeding).  In this case, the trial court ordered relators to
pay the sanction directly to opposing counsel before rendition of an appealable
judgment.  There is no contention that immediate payment of the sanction amount
before a final judgment is signed threatens relators’ ability to continue the
litigation.  After considering the circumstances presented in this case and
carefully balancing the jurisprudential considerations that determine when
appellate courts will utilize original mandamus proceedings to review the
actions of lower courts, we conclude that the benefits of mandamus review of
the trial court’s sanctions order are outweighed by the detriments.  See In
re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136–37 (Tex. 2004) (orig.
proceeding).  Therefore, relators have an adequate appellate remedy.  See id.;
In Re Ford Motor Co., 988 S.W.2d at 722; see also In re Onstad, 20
S.W.3d 731, 733 (Tex. App.—Texarkana 2000, orig. proceeding [mand. denied]). 
In light of this conclusion, we do not address in this mandamus proceeding the
propriety of the trial court’s actions or whether, on this record, the
imposition of sanctions constitutes an abuse of discretion.  

Conclusion

Relators have not shown that they are entitled to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relators’
petition for writ of mandamus.  However, we suspend that portion of the trial
court’s November 18, 2009 order directing relators to make payment directly to
counsel for Woods-Jones by November 30, 2009, and we ORDER that the amount
ordered by the trial court as a sanction instead be paid into the registry of
the trial court within 30 days of this opinion, to be deposited by the clerk
pursuant to law.  See In re Onstad, 20 S.W.3d at 733. Such sum shall
remain in the court’s registry until the final conclusion of the underlying
proceeding and any appeal thereof, or until such time, if any, that the
sanctions order is rescinded or vacated by the trial court. See id.  The
stay imposed by this court on November 30, 2009, is lifted.

 

                                                                                    PER
CURIAM

 

 

Panel consists of Justices Frost,
Seymore, and Boyce.

 









[1]
The other defendants are Ihsan Shanti, M.D. and Surgical Department, L.P.  





[2]
See Tex. Bus. & Com. Code Ann. § 17.01 et seq. (Vernon 2002 &
Supp. 2009).  





[3]
See In re Alford Chevrolet-Geo, 997 S.W.2d 173, 180 n.1 (Tex. 1999)
(orig. proceeding) (“We have identified as overbroad requests encompassing time
periods, products, or activities beyond those at issue in the case—in other
words, matters of questionable relevancy to the case at hand.”).