Emergency Motion for Stay Denied, Motion to
Consolidate Granted, Petitions for Writ of
Mandamus Denied, and Majority and Dissenting Opinions filed March 3, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00132-CV

NO. 14-11-00156-CV

____________

 

IN RE MICHELE LE, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

125th District Court

Harris County, Texas

Trial Court Cause No. 2008-41349

 

 

 



M A J O R
I T Y   O P I N I O N

            Relator Michele Le has filed two related petitions for writ
of mandamus in this court.  See Tex. Gov’t Code § 22.221; see
also Tex. R. App. P. 52.  In the first, filed on February 22, 2011,
and docketed under cause number 14-11-00132-CV, relator complains that
respondent, the Honorable Kyle Carter, presiding judge of the 125th District
Court of Harris County, abused his discretion in ordering “death penalty”
sanctions in the underlying case styled Luong Le, Individually and as
President and Treasurer of Lindsay Realty Services, LLC v. Nhu Thi Le, a/k/a
Michele Le, Panda Village Management, LLC and Lindsay Realty Services, LLC.  In
the second, filed on February 28, 2011, and docketed under cause number
14-11-00156-CV, relator complains that the respondent abused his discretion by
making monetary sanctions due and payable before rendition of a final
judgment.  We grant relator’s motion to consolidate these two proceedings.  Relator
also filed a motion to stay the trial scheduled to commence during the two-week
period beginning March 7, 2011.  See Tex. R. App. P.
52.10(a).  In her motion, relator also seeks to stay the sanctions order
and any future contempt hearings.

Background

Relator and her brother, Luong Le, are principals of Lindsay
Realty Services, LLC, which was formed to purchase and manage over one hundred
condominium units at a complex in Houston, Texas.  In July of 2008, real
party in interest Luong Le, individually and as president and treasurer of
Lindsay Realty Services, LLC (hereinafter, “Plaintiff”), filed suit against
relator Michele Le, Lindsay Realty, and Panda Village Management LLC, asserting,
among other claims, that relator committed fraud and breach of fiduciary duty
related to the management of the condominium units.[1]

Discovery

A few months later, in September 2008, Plaintiff noticed
relator’s deposition for October 10, 2008, and served a subpoena duces tecum.  Relator
filed a motion to quash the deposition, which the trial court denied on October
8, 2008.  The trial court ordered relator’s deposition to be taken on
November 11, 2008, and ordered relator to comply with the duces tecum, with the
exception of request numbers 20 and 21.  In the order, the trial court
admonished relator that failure to comply would result in appropriate
sanctions.  Relator appeared for her deposition and produced eleven boxes
of documents in response to the duces tecum.  But relator did not provide
the Lindsay Realty financial records on QuickBooks, as requested. 
Apparently, the deposition was then adjourned until these records were
produced.

            Plaintiff then served a
second request for production on relator.[2]
In January 2010, Plaintiff filed a second motion to compel, and on March 3,
2010, the trial court granted the motion.  The trial court included an
order to produce the previously requested QuickBooks disks, and imposed a $500
sanction against relator for discovery abuse.  Relator then provided
QuickBooks on disks, but the disks were password protected.  When
Plaintiff obtained the password and his financial expert was able to review the
disks, the expert concluded that they were in an altered format and contained
redactions.  The expert opined that the missing data would aid Plaintiff
in the investigation and litigation of his claims.

           
Plaintiff has provided this court with a copy of a third request for production
served on relator in April of 2010.  These requests included requests for
emails between relator and five other individuals, and Plaintiff asserts the
emails have not been produced.  Relator has not addressed these requests
in her mandamus petitions.

           
When relator failed to respond to Plaintiff’s request for production, Plaintiff
incurred the expense of procuring the requested documents by depositions on
written questions.  Relator moved to quash the depositions on written
questions and, on May 17, 2010, the trial court denied relator’s motion. The
trial court ordered the depositions to proceed. The trial court also ordered
relator to identify other bank accounts, and Plaintiff asserts that relator has
not done so. 

Plaintiff, on October 7, 2010, filed his third motion to
compel compliance with the trial court’s discovery orders.[3]  In this motion, Plaintiff requested
both monetary sanctions and “death penalty” sanctions.  A few months
later, on December 3, 2010, Plaintiff supplemented his motion, detailing the
alleged discovery abuses.  Plaintiff asserted that “death penalty” sanctions
were warranted because of relator’s discovery abuses, failure to pay the $500
sanctions ordered on March 3, 2010, failure to provide account numbers ordered
on May 17, 2010, and failure to supplement discovery after her objections were
overruled.  Plaintiff provided an affidavit asserting that relator’s
discovery abuse had prejudiced Plaintiff by “causing a delay in discovery and
by failing to provide discoverable documents and information.”  Relator
filed a supplemental response to Plaintiff’s subpoena duces tecum on December
3, 2010, in which she asserted that she had produced the responsive documents
in her possession in most instances and would provide additional documents
before the sanctions hearing.[4]

“Death
Penalty” Sanctions

            The trial court conducted
a hearing on December 6, 2010.[5] 
At the hearing, Plaintiff argued that because of relator’s delays, there is not
enough time to complete necessary discovery before the March 7, 2011, trial
setting.  After the hearing, relator filed a document seeking to demonstrate
her compliance with the court’s orders.  Plaintiff filed a post-hearing
supplement detailing some of the documents that relator had not produced.[6]
Relator responded and asserted that she did not have possession of the
documents that Plaintiff alleged she failed to produce.  The trial court,
on January 21, 2011, signed the order that is the subject of relator’s first
mandamus petition.  In that order the trial court recited its findings,
including the following:

1.  The trial court
issued an order on October 8, 2008, for relator to appear for the continuation
of her deposition and produce documents requested in the notice of deposition
duces tecum (with two exceptions) on or before November 11, 2008, and
admonished relator that appropriate sanctions would be imposed for failure to
comply;

2.  The trial court
issued an order on March 3, 2010, sanctioning relator $500 for discovery abuse
and ordering her to appear for the continuation of her deposition on or before
April 1, 2010;

3.  Relator failed to comply
with the March 3, 2010, order;

4.  Relator failed to
comply with the trial court’s May 17, 2010, order for production of title
company and bank records, forcing Plaintiff to seek the information directly
from these nonparties by depositions on written questions;

5.  Relator’s attorneys
were served on October 29, 2010, with a notice and subpoena duces tecum for
relator to appear for her previously ordered deposition on December 6, 2010;
and  

6.  Relator unilaterally
cancelled the deposition on November 17, 2010.  

           
The trial court ordered relator’s pleadings stricken and barred relator from
presenting evidence at trial.  The trial court further ordered relator to
appear for her deposition at a date convenient to Plaintiff and to bear
reasonable costs and attorney’s fees, not to exceed $8,500 for the
deposition.  The trial court sanctioned relator $8,000 in attorney’s fees,
$4,000 for the costs of examining the accounting records on QuickBooks, and
$11,392.95 for the costs of obtaining discovery by depositions on written
questions.  The trial court further ordered that relator will be
sanctioned $500 per day for each day of noncompliance with the order. 
Even though the order was not signed until January 21, 2011, the monetary
sanctions were ordered to be paid by December 21, 2010.

           
In the sanctions order the trial court also set forth findings that relator’s
actions had shown “flagrant bad faith and callous disregard for the discovery
process.”  See TransAmerican Nat. Gas Corp. v. Powell, 811 S.W.2d
913, 918 (Tex. 1991) (holding that “death penalty” sanctions should not be
assessed absent a party’s flagrant bad faith conduct or counsel’s callous
disregard of the rules).  The order contains findings that relator’s
discovery abuses justify the presumption that her claims and defenses lack
merit, that lesser sanctions have been tested, the conduct warranting sanctions
is attributable to relator, and monetary sanctions alone would be
ineffective.  See id. at 916 (holding that where a party has
refused to produce material evidence despite the imposition of lesser
sanctions, the court may presume that asserted claims or defenses lack merit
and strike the party’s pleadings). 

           
Relator filed a motion on February 11, 2011, asking the trial court to
reconsider its sanctions order.  No hearing was set on the motion. 
Relator then filed a petition for writ of mandamus in this court and requested
a stay of the upcoming trial.  

Requests for Mandamus Relief

In her first mandamus petition, relator
raises two issues asserting that the trial court abused its discretion by
striking her pleadings and prohibiting her from presenting evidence at the
trial, and that she has no adequate remedy by appeal.  Relator did not
challenge the monetary sanctions in her first mandamus petition.  This
court requested a response to the motion for stay.  Plaintiff filed the
response on February 28, 2011, and on that same day, relator filed a second
petition for writ of mandamus, docketed under cause number 14-11-00156-CV, in
which she asserts that the trial court abused its discretion by making the
monetary sanctions due and payable before rendition of a final judgment and
that she has no adequate remedy by appeal, relying upon Braden v. Downey, 811
S.W.2d 922, 929 (Tex. 1991).[7] 


In the meantime, the trial court
signed an amended sanctions order on February 15, 2011, correcting the date
that the monetary sanctions were due to be paid, and ordering the sanctions
paid within seven days of the order.  The amended order contains the same
“death penalty” sanctions and is in all other material respects the same as the
January 21, 2011 order.  Because the original sanctions order that is the
basis of relator’s first mandamus petition has been replaced by the February
15, 2011, order, relator has incorporated the arguments from her first petition
in the new mandamus petition.  

Standards for Mandamus Review

Mandamus relief is available to
correct a clear abuse of discretion for which the relator has no adequate
remedy by appeal.  In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 135-36 (Tex. 2004).  In determining whether the trial court clearly
abused its discretion, we may not substitute our judgment for that of the trial
court.  In re Sanders, 153 S.W.3d 54, 56 (Tex. 2004).  A trial
court does not abuse its discretion if it bases its decision on conflicting
evidence and some evidence supports the trial court’s decision.  IKB
Indus. (Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 445 (Tex. 1997).

Inadequate Record

It is especially important to note that, in imposing “death penalty”
sanctions, the trial court may properly consider everything that has occurred
during the history of the litigation and is not limited to considering only the
last violation of the discovery rules.  See Jefa Co. v. Mustang Tractor and
Equip. Co., 868 S.W.2d 905, 910 (Tex. App.—Houston [14th Dist.] 1994, writ
denied); White v. Bath, 825 S.W.2d 227, 230 (Tex. App.—Houston [14th
Dist.] 1992, writ denied); Berry-Parks Rental Equip. Co. v. Sinsheimer,
842 S.W.2d 754, 757 (Tex. App.—Houston [1st Dist.] 1992, no writ). Likewise, in
assessing the propriety of the “death penalty” sanctions, this court must be
able to evaluate the trial court’s ruling in light of the history of the litigation.
The mandamus record before this court is inadequate for the task.  

This court cannot make a sound decision based on an incomplete picture. 
But that is precisely what relator is asking us to do by her failure to provide
a sufficient mandamus record.  Those seeking the extraordinary remedy of
mandamus must follow the applicable procedural rules.[8] 
Chief among these is the critical obligation to provide the reviewing court
with a complete and adequate record.  See Walker v. Packer, 827
S.W.2d 833, 837 (Tex. 1992) (stating that it is relator’s burden to
provide a record sufficient to establish her entitlement to mandamus relief).  In
the context of a “death penalty” sanctions case in which the challenged ruling
can encompass conduct that occurred over the course of the litigation, it is
incumbent upon the relator to provide this court with a record that would
enable this court to determine whether the trial court abused its
discretion.  See id.  Relator has failed to do so.  Through the Plaintiff’s
efforts, this court has an unsworn copy of the record of the December 6, 2010
hearing.  But we have no record of the other discovery hearings, including
the hearing on Plaintiff’s second motion to compel, which resulted in a $500
sanction against relator.  It may be, as the dissenting justice concludes, that
the trial court abused its discretion in imposing “death penalty” sanctions,
for the reasons noted in the dissenting opinion.  Or, it may be that a review
of what has occurred during the history of the litigation would reveal that the
sanctions are just.  But, in the final analysis, this court cannot and will not
find an abuse of discretion on an incomplete record.  

Lack of Predicate Request

In addition to failing to provide an adequate
record, relator has failed to make the requisite predicate request to the trial
court as to one of relator’s arguments.  In Braden, the Supreme Court of
Texas held that if the imposition of monetary sanctions threatens a party’s
continuation of the litigation, appeal affords an adequate remedy only if
payment of the sanctions is deferred until a final judgment is rendered and the
party has the opportunity to supersede the judgment and perfect her appeal. 
811 S.W.2d at 929.  A party has an adequate appellate remedy from a
sanctions order, unless she asserts that the sanctions are case determinative. 
See In Re Ford Motor Co., 988 S.W.2d. 714, 722 (Tex. 1998).  

           
Relator alleges for
the first time in her second mandamus petition that the monetary sanctions
threaten her ability to proceed with the underlying action.  Notably, the
record before this court does not reflect that relator made this argument to
the trial court.  The Supreme Court of Texas held in Braden that
“‘if a litigant contends that a monetary sanction award precludes access
to the court, the district judge must either (1) provide that the sanction
is payable only at a date that coincides with or follows entry of a final order
terminating the litigation; or (2) makes express written findings, after a
prompt hearing, as to why the award does not have such a preclusive effect.’” 
Braden, 811 S.W.2d at 929. (emphasis added) (quoting Thomas v.
Capital Sec. Servs., Inc., 836 F.2d 866, 882–83, n.23 (5th Cir. 1988)).  As
this court held in Prime Group, Inc. v. O'Neill, 848 S.W.2d 376, 379
(Tex. App.—Houston [14th Dist.] 1993, orig. proceeding), if a party does not
contend that pre-judgment payment of the sanction would prevent it from
continuing the litigation, staying the payment of the sanction is not necessary
and the party has an adequate remedy by appeal.  See also Ex parte
Conway, 843 S.W.2d 765, 766-67 (Tex. App.—Houston [14th Dist.] 1992, orig.
proceeding) (holding the trial court did not abuse its discretion by making the
sanctions payable on a date prior to final judgment when no contention had been
made that payment would preclude continuation of the litigation).  Relator
was required to advise the trial court that the monetary sanctions would
preclude her continuation of the underlying suit.  See Braden, 811
S.W.2d at 929; In re Onstad, 20 S.W.3d 731, 733 (Tex. App.—Texarkana
2000, orig. proceeding) (refusing to address complaint that sanctions were
payable before final judgment because counsel did not claim that the monetary
sanction threatened the party’s willingness or ability to continue the
litigation).  Our record fails to demonstrate that she did so.

           
Equity is generally not served by issuing an extraordinary writ against a trial
court judge on a ground that was never presented in the trial court and that
the trial judge thus had no opportunity to address.  See In re Texas
Best Staff, Inc., Nos. 01-08-00296-CV & 01-08-00418-CV, 2008 WL
4531028, at *5 (Tex. App.—Houston [1st Dist.] Oct. 9, 2008, orig. proceeding
[mand. denied]) (mem. op.). Mandamus relief generally requires a predicate
request for an action and a refusal of that request.  Axelson, Inc. v.
McIlhany, 798 S.W.2d 550, 556 (Tex. 1990).  But, the requirement that
there be a predicate request and adverse ruling is excused when such a request
would have been futile and the trial court’s refusal little more than a
formality. See In re Texas Best Staff, Inc., 2008 WL 4531028, at
*5.  To determine whether a request would have been futile, appellate
courts examine whether the request would have added anything for the trial
court’s consideration. See id.  In this mandamus proceeding,
relator asserts that the trial court’s monetary sanctions preclude her from
proceeding with the litigation in the trial court and block her access to the
courts.  Significantly, however, relator did not make this assertion in
the trial court, and relator did not ask the trial court to set aside the
monetary sanctions order, or postpone the payment of sanctions, based on this
assertion.  The record does not show that the trial court would have
refused to consider such an assertion and request by relator; if relator had
made this assertion and request, the trial court could have found in relator’s
favor on this point and provided that the monetary sanctions would be payable
only upon final judgment, thus obviating the need for mandamus relief in this
regard.  Had relator voiced this complaint in the trial court, it would have
added something for the trial court’s consideration. Therefore, it would not
have been futile for relator to have requested this relief in the trial court
to see if the trial court would refuse it.  See id. at *5-6.  Relator
did not present this complaint or otherwise give the trial court an opportunity
to correct the alleged deficiency in its sanctions order, and relator has not
asserted otherwise in this court.  For these reasons, relator failed to
satisfy the requirement of a predicate request and refusal by the trial court,
and she is not entitled to this requested relief.  See id. at *5-6. 

Conclusion

For the reasons stated above, we deny
relator’s petitions for writ of mandamus.  We also deny relator’s motion
to stay the trial, the sanctions order, and further sanctions hearings.                                                                    

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Chief Justice Hedges and Justices
Frost and Christopher. (Christopher, J., dissenting).

 

 

 

 

 

 

 

 

 









[1]  The exact nature of the underlying dispute is
unclear; our mandamus record does not include the pleadings below.





[2]  Plaintiff has asserted that relator has not
responded to this request and that these documents have never been produced.

 





[3]  Relator did not include the exhibits to the motion
in the mandamus record, but Plaintiff provided them with his response. 





[4]  Relator indicates that she filed a response to the
motion for sanctions, but it is not included in the mandamus record.  Our
record contains a short supplemental response filed December 3, 2010.  In the
response, relator asserted that Plaintiff would be provided with the remaining
discovery before the hearing, and attached the above-referenced supplemental
response to Plantiff’s subpoena duces tecum. 

 





[5]  Relator did not provide a record of the hearing with
either petition, as required by Texas Rule of Appellate Procedure 52.7.  See
Tex. R. App. P. 52.7(a)(2) (requiring relator to file a properly
authenticated transcript of any relevant testimony from any underlying
proceeding, including any exhibits offered in evidence, or a statement that no
testimony was adduced).   Plaintiff provided a copy with his response.  

 





[6]  Relator did not include Plaintiff’s post-hearing
supplement in her mandamus record, but Plaintiff has provided a copy.  





[7]  Other than a general complaint that the monetary
sanctions will continue to accumulate, relator has not briefed any specific
challenge to the admonishment in the order that noncompliance would result in
additional sanctions of $500 per day for each day of noncompliance.





[8] Relator did not certify
that every factual statement in the petition is supported by competent evidence
included in the appendix or record, as required by the rules of appellate
procedure addressing original proceedings.  See Tex. R. App. P.
52.3(j).  Every factual statement in the petition also must be supported
by citation to competent evidence included in the appendix or record.  See
Tex. R. App. P. 52.3(g).  Relator is required to file a mandamus
record containing a certified or sworn copy of every document that is material
to relator’s claim for relief.  See Tex. R. App. P.
52.7(a)(1).  Relator’s mandamus record has several relevant
omissions.  Also, relator is required to file a properly authenticated
transcript of any underlying hearing, or a statement that no testimony was
adduced, and she failed to do so.  See Tex. R. App. P.
52.7(a)(2).