# NO. 12-15-00005-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: TY BEARD, JIM E. BULLOCK,* | § | |
| *BRIAN CASPER, CRAIG DAUGHERTY* | § | *ORIGINAL PROCEEDING* |
| *AND DON HARRIS, RELATORS* | § | |

## *MEMORANDUM OPINION*

In this original proceeding, Ty Beard, Jim E. Bullock, Brian Casper, Craig Daugherty, and Don Harris (Relators) seek mandamus relief from the trial court's April 22, 2014 order directing them to pay attorney's fees to the Deborah Patterson Howard Trust as a discovery sanction.[1] Along with their petition for writ of mandamus, Relators filed a motion for emergency relief requesting a stay of the order and its enforcement until this Court issues its ruling on the merits of their petition. Because Relators have not shown appeal is an inadequate remedy, we deny their petition for writ of mandamus and dismiss their motion for emergency relief as moot.

## AVAILABILITY OF MANDAMUS

To be entitled to mandamus relief, a relator must demonstrate that (1) the trial court clearly abused its discretion and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994). This burden is a heavy one. *Id.*

---

[1] The real party in interest is Robert H. Patterson, Jr., trustee of the Deborah Patterson Howard Trust. The respondent is the Honorable Jack Skeen, Jr., Judge of the 241st Judicial District Court, Smith County, Texas.

**Adequacy of Appellate Remedy**

Relators are not parties to the underlying litigation. Thus, they contend that mandamus is appropriate because they have no independent right to appeal the trial court's order. We disagree.

Generally, only parties of record may exercise a right of appeal. ***Cont'l Cas. Co. v. Huizar***, 740 S.W.2d 429, 430 (Tex. 1987). Consequently, an appeal usually is an inadequate remedy when discovery sanctions are imposed against a nonparty. *See, e.g.*, ***City of Houston v. Chambers***, 899 S.W.2d 306, 308 (Tex. App.–Houston [14th Dist.] 1995, orig. proceeding). But a party's attorney, although a nonparty, may appeal sanctions imposed against the attorney once a final judgment is rendered in the case. ***In re Union Pac. R.R. Co.***, No. 12-08-00497-CV, 2009 WL 4167809, at *2 (Tex. App.–Tyler Nov. 25, 2009, orig. proceeding [mand. denied]) (mem. op.); ***In re Onstad***, 20 S.W.3d 731, 733 (Tex. App.–Texarkana 2000, orig. proceeding [mand. denied]).

We recognize that monetary sanctions payable before final judgment, such as the sanction in this case, may threaten the sanctioned party's willingness or ability to continue the litigation. ***Braden v. Downey***, 811 S.W.2d 922, 929 (Tex. 1991). In that situation, the remedy by appeal is inadequate. *See id*.; ***In re Onstad***, 20 S.W.3d at 733 (addressing ***Braden*** in considering whether appeal was an adequate remedy for nonparty attorney who was sanctioned). But Relators do not argue that the monetary sanction the trial court imposed would affect their ability to appeal the sanctions order or contend that they are unable to pay the sanction. *See **In re Onstad***, 20 S.W.3d at 733 (citing ***Braden***, 811 S.W.2d at 929) (concluding that appeal was adequate remedy because sanctioned attorney did not allege circumstances that invoke ***Braden***). Instead, they assert that they will suffer "the loss of their money and damage to their professional reputations" "without any certainty they will be afforded an opportunity to appeal." As we have stated above, however, Relators have the right to appeal the sanctions order after final judgment.

Relators argue further that "it is questionable whether the errors of the Sanctions Order could be corrected on appeal from a final judgment absent a showing it 'probably caused the rendition of an improper judgment' or 'probably prevented the appellant from properly presenting the case to the court of appeals.'" *See* TEX. R. APP. P. 44.1(a) (prescribing standard of review for final judgment in civil cases). Again, we disagree.

On appeal, a sanctions order is reviewed for an abuse of discretion. *See **TransAmerican Nat'l Gas Corp. v. Powell***, 811 S.W.2d 913, 917 (Tex. 1991). And when an abuse of discretion occurs, the appellate court will reverse or vacate the sanctions order. *See, e.g.*, ***Scheel v. Alfaro***, 406 S.W.3d 216, 228 (Tex. App.–San Antonio 2013, pet. denied) (reversing a portion of sanctions order against attorney but affirming trial court's judgment in all other respects as to attorney and as to client on other issues); ***IFC Credit Corp. v. Specialty Optical Sys., Inc.***, 252 S.W.3d 761, 773 (Tex. App.–Dallas 2008, pet. denied) (vacating sanctions order but otherwise affirming trial court's judgment). Thus, Relators' concern is unfounded.

In summary, the general rule is that the imposition of monetary sanctions, such as attorney's fees, is reviewable on appeal from a final judgment and therefore not subject to mandamus. *See, e.g.*, ***In re Onstad***, 20 S.W.3d at 733. And Relators have not shown that, because of their nonparty status, this rule does not apply here. Accordingly, we conclude that Relators have an adequate remedy by appeal and mandamus is not available.

Nevertheless, considering the sanction imposed and the potential for future proceedings, we suspend that portion of the trial court's order directing Relators to make payment directly to the Deborah Patterson Howard Trust. We instead order Relators to pay the sanction into the registry of the court within thirty days of this opinion, or at any earlier date the trial court may order after it receives this opinion, to be deposited by the clerk pursuant to law, where it will remain until the final conclusion of the underlying proceeding and any appeal thereof.

### DISPOSITION

Based on the foregoing analysis, we ***deny*** Relators' petition for writ of mandamus and ***dismiss*** their motion for emergency relief as moot.

JAMES T. WORTHEN
Chief Justice

Opinion delivered January 20, 2015.
*Panel consisted of Worthen, C.J. and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## JANUARY 20, 2015

### NO. 12-15-00005-CV

**TY BEARD, JIM E. BULLOCK, BRIAN CASPER,**
**CRAIG DAUGHERTY AND DON HARRIS,**
Relators
V.
**HON. JACK SKEEN, JR.,**
Respondent

**ORIGINAL PROCEEDING**

ON THIS DAY came to be heard the petition for writ of mandamus and motion for emergency relief filed by **TY BEARD, JIM E. BULLOCK, BRIAN CASPER, CRAIG DAUGHERTY AND DON HARRIS**, who are the relators in Cause No. 11-2216-C, pending on the docket of the 241st Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on January 13, 2015, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby ***denied*** and the motion for emergency relief ***dismissed as moot***.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J. and Hoyle, J.*