

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00257-CV

**IN RE UNITED MEDICAL CENTERS, P.A.**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Karen Angelini, Justice
             Rebeca C. Martinez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  May 30, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

On April 23, 2018, relator filed a petition for writ of mandamus complaining of the trial court's order granting the real party in interest's motion to compel discovery requests. Relator also filed a motion for an emergency stay, which we granted pending resolution of this mandamus proceeding. The real party in interest responded, and asked this court to sanction relator because relator has not acted in good faith.

Relator first asserts the trial court abused its discretion by granting the real party in interest's motion to compel relator's responses to certain interrogatories and requests for production. After considering the petition and response, this court concludes relator is not entitled to the relief sought. *See* TEX. R. APP. PROC. 52.3(h).

---

[1] This proceeding arises out of Cause No. 15-07-31613-MCVCLM, styled *Romanus Nwanna, M.D. v. United Medical Centers, P.A. and George Kypuros*, pending in the 293rd Judicial District Court, Maverick County. The Honorable Ron G. Carr signed the order at issue in this proceeding.

Relator also complains of the trial court's imposition of $25,000 in what relator describes as "sanctions." We note that, since the filing of the petition, the trial court signed an amended order lowering the amount to $2,500. Generally, when a trial court imposes monetary sanctions, that party has an adequate remedy by appeal. *See Street v. Second Court of Appeals*, 715 S.W.2d 638, 639-40 (Tex. 1986) (orig. proceeding) (per curiam); *In re Onstad*, 20 S.W.3d 731, 733 (Tex. App.—Texarkana 2000, orig. proceeding) ("imposition of monetary sanctions, such as attorney's fees, is reviewable on appeal from a final judgment and, for that reason, is not subject to mandamus"); *but see Braden v. Downey*, 811 S. W.2d 922, 929 (Tex.1991) (holding that a remedy by appeal is inadequate when the monetary sanctions threaten the party's willingness or ability to continue the litigation). In its petition, relator does not argue, much less carry its burden to show, that it has no adequate remedy by appeal.

For these reasons, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a). The real party in interest's request for sanctions is DENIED.

PER CURIAM