In re Jack **WATSON**.

No. 11–08–00188–CV.

Court of Appeals of Texas, Eastland.

July 31, 2008.

Rehearing Overruled Aug. 19, 2008.

---

Donald L. Anderson, Jr., Whitten, Hacker, Hagin, Anderson, Allen & Self, P.C., Abilene, TX, for relator.

Burt L. Burnett, Daryl R. Hayes, Burnett & Burke, LLP, Attorneys At Law, Abilene, TX, for real party in interest.

Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

This is a petition for writ of mandamus complaining of the trial court's orders limiting the scope of relator's discovery requests and providing the real party in interest additional time to respond to outstanding discovery.

### I. *Background Facts*

This dispute arises out of a will contest. Eddie Edington submitted a will executed by Merl Dean Koenig in 2003 for probate. This will bequeathed Koenig's property in Coleman County to a cousin and the remainder of her estate to Edington. Jack Watson contested Edington's application, contending that Koenig lacked testamentary capacity or, alternatively, that the 2003 will was procured by undue influence. Watson also applied to probate a will that Koenig executed in 2000. This will bequeathed Koenig's estate to the West Texas Rehabilitation Center.

The trial court entered a discovery control plan that required the completion of discovery by September 5, 2008. The court also advised counsel that trial would

begin on October 6, 2008. Watson served Edington with interrogatories and requests for production. Edington objected to each request for production on the ground that it was overly broad, unduly burdensome, harassing, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Edington advanced similar objections to several interrogatories. Watson filed motions to compel. The trial court conducted a hearing and granted Watson's motions in part. Edington was ordered to respond to the interrogatories and requests for production but only with regard to the seven days prior to the date Koenig executed the 2003 will. The trial court gave Edington an additional six weeks to serve its responses.

Watson subsequently served requests for production of documents on a nursing center and nursing home. Edington filed motions to quash both requests and asked for a protective order and for sanctions. The trial court held a hearing, granted the motions to quash and for protective order, limited Watson's right to conduct discovery to the seven-day period predating the execution of the 2003 will, and conditioned further discovery requests upon a good-faith showing that Watson had a meritorious challenge to the 2003 will.

## II. *Issues on Appeal*

Watson argues that the trial court abused its discretion by limiting his discovery requests to the seven days prior to the 2003 will's execution, by quashing his requests for production of documents from third parties, and by conditioning future discovery requests upon a showing of a good-faith belief in a meritorious challenge. Watson contends that mandamus is appropriate because he does not have an adequate remedy by ordinary appeal.

## III. *Analysis*

■ To obtain mandamus relief, a relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co., L.P.,* 226 S.W.3d 400, 403 (Tex.2007) (orig.proceeding). The Texas Supreme Court has recently written that whether an abuse of discretion can be adequately remedied by appeal "depends on a careful analysis of costs and benefits of interlocutory review." *In re McAllen Med. Ctr., Inc.,* No. 05–0892, 2008 WL 2069837, at *3 (Tex. May 16, 2008) (orig.proceeding). The court noted that this most frequently arises when the very act of proceeding to trial, regardless of the outcome, would defeat a substantive right. *Id.* For example, being forced to trial when the parties had agreed to arbitration or being forced to a jury trial when the parties had agreed to a bench trial. *Id.* The court also recognized that mandamus can be appropriate in the discovery context and listed several examples, including being forced to produce privileged information or trade secrets. *Id.* But not all discovery disputes are appropriate for a mandamus challenge. The court noted that its balancing test should not result in appellate courts involving themselves in incidental trial court rulings and that mere expense and delay do not justify interlocutory review. *Id.* at *6.

Edington responds that Watson's request is premature because he has not permanently lost a substantive right. Edington argues that the trial court is not holding that Watson can never obtain discovery beyond the one-week period predating the will's execution but has simply limited his current discovery requests and conditioned future discovery upon proof of a good-faith challenge to the 2003 will. We are not without concern that the primary beneficiary of the 2003 will is being

allowed to assert objections on behalf of the Estate and thereby restrict Watson's access to information on Koenig's health and condition—information that appears facially relevant to Edington's application—without proof of standing; that Watson is facing a "catch twenty-two" by being forced to produce evidence in support of his challenge while at the same time having his ability to conduct discovery restricted; and that discovery requests have been limited to a one-week period of time. However, we agree with Edington that Watson's petition is premature.

■ The testator's medical records are frequently critical evidence in will contests. *See, e.g., In re Estate of Robinson,* 140 S.W.3d 782 (Tex.App.-Corpus Christi 2004, pet. denied); *see also* TEX. PROB.CODE ANN. § 10B (Vernon 2003) (parties to will contests are entitled to production of records relevant to the decedent's condition). This is not to say that a testator's entire medical history must become public knowledge merely because a will contest is filed. Even if the medical records are no longer privileged, they still must be relevant. TEX.R. CIV. P. 192.3(a); *see also In re Am. Optical Corp.,* 988 S.W.2d 711, 713 (Tex. 1998) (orig.proceeding) (discovery may not be used as a fishing expedition). We agree with Edington that the ultimate issues are Koenig's capacity and freedom from undue influence on the day she executed the 2003 will but note that courts may look beyond the day a will was executed if the evidence tends to show the testator's state of mind at the time of its execution. *See Horton v. Horton,* 965 S.W.2d 78, 85 (Tex.App.-Fort Worth 1998, no pet.).

■ The trial court has broad discretion to control the scope of discovery. *Dillard Dep't Stores, Inc. v. Hall,* 909 S.W.2d 491, 492 (Tex.1995) (orig.proceeding). Discovery requests themselves must be reasonably tailored to matters relevant to the case at issue. *In re Xeller,* 6 S.W.3d 618, 626 (Tex.App.-Houston [14th Dist.] 1999, orig. proceeding). Consequently, the trial court has broad discretion to limit discovery requests by time, place, and subject matter. *See Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 815 (Tex.1995) (orig.proceeding). Those restrictions must, however, be reasonable. A court abuses its discretion in unreasonably restricting a party's access to information. TEX.R. CIV. P. 192 cmt. 7. When that restriction vitiates or severely compromises a party's ability to present a viable claim or defense, mandamus is appropriate. *In re SWEPI L.P.,* 103 S.W.3d 578, 583 (Tex. App.-San Antonio 2003, orig. proceeding).

The conditional nature of the trial court's rulings means not only that Watson has not been deprived of the opportunity to engage in discovery but also that the trial court has not fully exercised its discretion. The discovery period established in the trial court's discovery control plan has not expired. The parties, thus, still have the opportunity to conduct discovery and to ask the court to modify or reconsider any of its prior rulings. Finally, our record does not indicate what information Watson received either from Edington or the third parties in response to his discovery requests. It is possible that this or other information discovered or developed by Watson will result in the trial court allowing broader discovery. But, before we become involved in a mandamus review of discovery orders, the trial court should be given the opportunity to more fully exercise its discretion.

## IV. *Holding*

The petition for writ of mandamus is denied without prejudice to Watson's ability to file a subsequent petition for writ of

mandamus or to raise any issue by direct appeal.