# NO. 12-08-00497-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: UNION PACIFIC RAILROAD COMPANY* | § | |
| *AND CONNELLY, BAKER, WOTRING LLP* | § | *ORIGINAL PROCEEDING* |
| | § | |

## *MEMORANDUM OPINION*

In this original mandamus proceeding, Union Pacific Railroad Company and the Connelly Baker Wotring law firm complain of an order signed by the Honorable Jerry Calhoon, visiting judge in the 87th Judicial District Court of Anderson County, Texas. The real party in interest is Mark G. Layton, and the respondent is the Honorable Deborah Oakes Evans, presiding judge of the 87th Judicial District Court. We deny the petition.[1]

## BACKGROUND

This proceeding arises out of a discovery dispute. Mark G. Layton sued Union Pacific under the Federal Employers' Liability Act for personal injuries he allegedly received as a result of Union Pacific's negligence. Layton appeared for his deposition in Palestine, Texas. Also present was one of his attorneys, Christopher Wright, who is an attorney with C. Marshall Friedman, PC in St. Louis, Missouri. An attorney with the Connelly Baker Wotring law firm

---

[1] Although Judge Calhoon signed the order, nothing in the record indicates that he was assigned to preside over the case. *See **Remington Arms Co., Inc. v. Caldwell**,* 850 S.W.2d 167, 168 n.1 (Tex. 1993) (mandamus issued against judge assigned to preside over case instead of against presiding judge of district court). Nor does the record indicate that Judge Calhoon presently has any authority to act for the 87th Judicial District Court. Therefore, only Judge Evans, as the elected judge of the 87th Judicial District Court, has the authority to act on behalf of that court. *See **Hoggard v. Snodgrass**,* 770 S.W.2d 577, 588 (Tex. App.–Dallas 1989, orig. proceeding). Consequently, she is the proper respondent in this proceeding. *See **id**.*

(Connelly Baker) appeared for Union Pacific. Layton's deposition did not take place because a dispute arose over how many Union Pacific representatives could attend the deposition.

Wright filed a motion seeking sanctions and a protective order, which the trial court granted. On December 3, 2008, the court signed an order requiring Connelly Baker to pay Wright's attorney's fees, travel costs, and expenses for attending the deposition in the sum of $4,430.19. The trial court further ordered the law firm to deliver the check to Wright within forty-five days after it received the order. Finally, the court ordered that Union Pacific could choose one individual as its corporate representative to attend depositions in the case, but the designated representative could not testify "in any form" at trial. This original proceeding followed. Union Pacific also filed a motion for temporary relief. We granted the motion and stayed the trial court's order pending our disposition of this proceeding.

## PREREQUISITES TO MANDAMUS

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex.2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker,* 827 S.W.2d at 839-40. The relator has the burden to establish the prerequisites to mandamus. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex.1994). This burden is a heavy one. *Id*.

## THE AWARD OF MONETARY SANCTIONS

Connelly Baker challenges the portion of the trial court's order imposing monetary sanctions against the law firm. It argues that the sanctions are improper because, although Wright is licensed to practice law in Missouri, he was not authorized to practice law in Texas at the time he presented Layton for his deposition. The firm further contends that it cannot appeal the sanctions order because it is not a party to Layton's lawsuit. Therefore, it concludes, mandamus is the only way it can challenge the order.

We recognize that, as a general rule, appeal is an inadequate remedy when discovery sanctions are imposed against a nonparty. *See, e.g., City of Houston v. Chambers*, 899 S.W.2d 306, 308 (Tex. App.–Houston [14th Dist.] 1995, orig. proceeding). But a party's attorney may

2

appeal sanctions imposed against him once an appealable judgment is rendered in the case. *See Braden v. Downey*, 811 S.W.2d 922, 928 n.6, 930 (Tex. 1991).

Moreover, monetary sanctions usually are not reviewable by mandamus. *Id*. at 928. When a litigant contends that monetary sanctions preclude access to the court, the trial court must either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation; or (2) make express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect. *Id*. If the trial court orders monetary sanctions paid before the rendition of an appealable judgment, the sanctioned party may seek modification of the trial court's order by mandamus. *Id*. These rules apply when sanctions are imposed against a party's attorney. *See In re Onstad*, 20 S.W.3d 731, 733 (Tex. App.–Texarkana 2000, orig. proceeding [mandamus denied]) (applying *Braden v. Downey* where trial court imposed monetary sanctions against party's attorney for violating motion in limine); *see also Braden*, 811 S.W.2d at 930.

In this case, the sanctions against Connelly Baker are payable before an appealable judgment is rendered, but the trial court did not make findings as to why the award does not preclude access to the court. *See Braden,* 811 S.W.2d at 928. However, the law firm did not argue at trial, and does not contend in this court, that the sanctions have a preclusive effect or that the law firm does not have the ability to pay the sanctions. *See In re Onstad*, 20 S.W.3d at 733. Therefore, Connelly Baker has an adequate remedy by appeal.

### THE PROTECTIVE ORDER

Union Pacific challenges the portion of the trial court's order that prohibits a corporate representative who attends depositions from testifying "in any form" at trial.

Mandamus review is a "selective procedure" reserved for "significant rulings" in "exceptional cases." *In re Prudential*, 148 S.W.3d at 136, 138. Consequently, it is well established that mandamus relief generally is not available to correct rulings that "are mere incidents in the normal trial process." *See, e.g., Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex. 1969); *see also In re Prudential*, 148 S.W.3d at 136. However, appeal is an inadequate remedy when any benefits to mandamus review outweigh the detriments. *In re Prudential*, 148 S.W.3d at 136. The benefits to mandamus include the preservation of important substantive and procedural rights from impairment or loss, allowing appellate courts to give needed and helpful

3

direction to the law that would otherwise prove elusive in appeals from final judgments, and sparing private parties and the public the time and money that would be wasted obtaining a judgment that would eventually be reversed because of improperly conducted proceedings. *Id.* In the context of incidental rulings, the detriments include undue interference with trial court proceedings, distraction of appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and unproductive additions to the expense and delay of civil litigation. *Id.*

Here, Union Pacific likens itself to a party whose attorney has been wrongfully disqualified by the trial court. It points out that such disqualification can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of choice. *See In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002). It then asserts that a trial court's disqualification of a corporation's designated representative "creates a similar disruption that appeal cannot remedy." Specifically, Union Pacific argues that, because of the trial court's order, it has been forced into the untenable position of either (1) choosing a corporate representative who would never be a witness because he has no knowledge of the case or (2) foregoing the ability to call a witness because that person has been designated as a corporate representative.

The protective order Union Pacific challenges is the result of a dispute that arose when Layton was presented for his deposition. Union Pacific's attorney appeared with two Union Pacific employees, a claims representative and Layton's supervisor. Layton's attorney asked that Union Pacific agree to proceed with only one representative. Its counsel declined, and the deposition did not take place.

At the hearing on the protective order, Union Pacific's attorney stated that, despite Layton's attorney's insistence at the deposition, she was not willing to identify her corporate representative for a trial that was eight months away. Counsel further informed the court that she

> would be happy to identify a representative on behalf of Union Pacific, but I can't be put in the position of identifying my representative for purposes of trial before I've even taken the first deposition. It just—I would be—it's just I do not have enough information to be able to make that decision, and there's nothing in the rules that would require me to.

Counsel also stated that Layton's supervisor "is one that is both a corporate representative and he most[] certainly is a fact witness. . . ."

4

Given that discovery in the underlying proceeding is in its initial stages, we understand counsel's lack of information. However, the result is that the record before us contains no information about anyone other than potentially Layton's supervisor who would be disqualified by the trial court's order from either testifying as a fact witness or acting as the corporate representative at trial. Nor has Union Pacific shown how its inability to present Layton's supervisor as both fact witness and corporate representative affects the presentation of its case. Therefore, we cannot conclude at this juncture, based on the record before us, that the benefits of mandamus outweigh the detriments. *See* **In re Watson**, 259 S.W.3d 390, 392 (Tex. App.–Eastland 2008, orig. proceeding). Therefore, Union Pacific has an adequate remedy by appeal.

## CONCLUSION

We have held that both Connelly Baker and Union Pacific have an adequate remedy by appeal. Therefore, neither Connelly Baker or Union Pacific has established that it is entitled to mandamus relief.[2] The petition for writ of mandamus is *denied*, and all pending motions are overruled as moot. Our stay of the trial court's order is *lifted*.

**BRIAN T. HOYLE**
Justice

Opinion delivered November 25, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[2] Because we have held that both Connelly Baker and Union Pacific have an adequate remedy by appeal, we need not address whether the trial court abused its discretion. *See* TEX. R. APP. P. 47.1.