NUMBER 13-11-00400-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE CYNTHIA ANN SCHENDEL NANKERVIS,

RICHARD EARL SCHENDEL, AND ROBERT EDWARD SCHENDEL

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez
and Garza

Per Curiam
Memorandum Opinion[1]

Relators, Cynthia Ann Schendel Nankervis,
Richard Earl Schendel, and Robert Edward Schendel, filed a petition for writ of
mandamus in the above cause on June 28, 2011, seeking to compel the trial court
to vacate its order of May 24, 2011, denying relators’ “Motion to Compel
Compliance with Common Law Information Demand and Common Law Demand for Production
of Trust Documents.”  The trial court’s order recites that the motion to compel
is denied “without prejudice to any common law claims or relief under [Texas
Rule of Civil Procedure] 215.”    

Mandamus is an “extraordinary” remedy.  In re Sw. Bell Tel. Co., L.P., 235 S.W.3d 619, 623 (Tex. 2007)
(orig. proceeding); see In re Team Rocket, L.P., 256 S.W.3d 257, 259
(Tex. 2008) (orig. proceeding).  To obtain mandamus relief, the relator must
show that the trial court clearly abused its discretion and that the relator has
no adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); see In re McAllen Med.
Ctr., Inc., 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding).  A trial
court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to constitute a clear and prejudicial error of law, or if it
clearly fails to correctly analyze or apply the law.  In re Cerberus Capital
Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per
curiam); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  To satisfy the clear abuse of discretion standard, the relator
must show that the trial court could “reasonably have reached only one
decision.”  Liberty Nat’l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630
(Tex. 1996) (quoting Walker, 827 S.W.2d at 840).  

Historically, mandamus was treated
as an extraordinary writ that would issue “only in situations involving
manifest and urgent necessity and not for grievances that may be addressed by
other remedies.”  Walker, 827 S.W.2d at 840.  Now, whether a clear abuse
of discretion can be adequately remedied by appeal depends on a careful
analysis of the costs and benefits of interlocutory review.  See In re
McAllen Med. Ctr., Inc., 275 S.W.3d at 462.  Sometimes, “[a]n appellate
remedy is ‘adequate’ when any benefits to mandamus review are outweighed by the
detriments.”  In re Prudential Ins. Co. of Am., 148 S.W.3d at 136. 
According to the Texas Supreme Court: 

Mandamus review of
significant rulings in exceptional cases may be essential to preserve important
substantive and procedural rights from impairment or loss, allow the appellate
courts to give needed and helpful direction to the law that would otherwise
prove elusive in appeals from final judgments, and spare private parties and
the public the time and money utterly wasted enduring eventual reversal of
improperly conducted proceedings. 

 

Id. at 136. 
Thus, the second requirement for mandamus relief, that the relator has no
adequate remedy by appeal, "has no comprehensive definition." In
re Olshan Found. Repair Co., LLC, 328 S.W.3d 883, 888 (Tex. 2010) (orig.
proceeding) (citing In re Prudential Ins. Co. of Am., 148 S.W.3d at
136); see In re Ford Motor Co., 165 S.W.3d 315, 317 (Tex. 2005) (orig.
proceeding).  With regard to discovery rulings, a party will not have an
adequate remedy by appeal when: (1) the appellate court would not be able to
cure the trial court's discovery error; (2) the party's ability to present a
viable claim or defense at trial is vitiated or severely compromised by the
trial court's discovery error; or (3) the trial court disallows discovery and
the missing discovery cannot be made a part of the appellate record or the
trial court, after proper request, refuses to make it part of the record.  In
re Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); Walker,
827 S.W.2d at 843.

The Court, having examined and
fully considered the petition for writ of mandamus and the foregoing
authorities, is of the opinion that relators have not shown themselves entitled
to the relief sought.  The conditional nature of the trial court's ruling indicates
that the relators have not been deprived of the opportunity to engage in
discovery and that the trial court has not yet fully exercised its discretion.  The
parties, thus, still have the opportunity to conduct discovery and to ask the trial
court to modify or reconsider any of its prior rulings.  The trial court should
be given the opportunity to more fully exercise its discretion.  See, e.g.,
In re Watson, 259 S.W.3d 390, 392 (Tex. App.—Eastland 2008, orig.
proceeding).  Moreover, relators have not established, based on the factual and
procedural background herein, that any alleged abuse of discretion could not be
adequately remedied by appeal.  See In re McAllen Med. Ctr., Inc., 275
S.W.3d at 462.  Accordingly, the petition for writ of mandamus is denied
without prejudice.  See Tex. R.
App. P. 52.8(a).  

 

                                                                                                PER
CURIAM

Delivered and filed the

30th day of June, 2011.

                                                

                                                                                                

 









[1] See Tex.
R. App. P. 52.8(d) (“When denying relief, the court may hand down an
opinion but is not required to do so.”); Tex.
R. App. P. 47.4 (distinguishing opinions and memorandum opinions).