

# NUMBER 13-11-00400-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE CYNTHIA ANN SCHENDEL NANKERVIS, RICHARD EARL SCHENDEL, AND ROBERT EDWARD SCHENDEL

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza Per Curiam Memorandum Opinion[1]

Relators, Cynthia Ann Schendel Nankervis, Richard Earl Schendel, and Robert Edward Schendel, filed a petition for writ of mandamus in the above cause on June 28, 2011, seeking to compel the trial court to vacate its order of May 24, 2011, denying relators' "Motion to Compel Compliance with Common Law Information Demand and Common Law Demand for Production of Trust Documents." The trial court's order

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

recites that the motion to compel is denied "without prejudice to any common law claims or relief under [Texas Rule of Civil Procedure] 215."

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co.*, L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). To obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator must show that the trial court could "reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (quoting *Walker*, 827 S.W.2d at 840).

Historically, mandamus was treated as an extraordinary writ that would issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Walker*, 827 S.W.2d at 840. Now, whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462. Sometimes, "[a]n appellate remedy is 'adequate' when any

benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. According to the Texas Supreme Court:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.* at 136. Thus, the second requirement for mandamus relief, that the relator has no adequate remedy by appeal, "has no comprehensive definition." *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136); *see In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding). With regard to discovery rulings, a party will not have an adequate remedy by appeal when: (1) the appellate court would not be able to cure the trial court's discovery error; (2) the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error; or (3) the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record. *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); *Walker*, 827 S.W.2d at 843.

The Court, having examined and fully considered the petition for writ of mandamus and the foregoing authorities, is of the opinion that relators have not shown themselves entitled to the relief sought. The conditional nature of the trial court's ruling indicates that the relators have not been deprived of the opportunity to engage in discovery and that the trial court has not yet fully exercised its discretion. The parties,

3

thus, still have the opportunity to conduct discovery and to ask the trial court to modify or reconsider any of its prior rulings. The trial court should be given the opportunity to more fully exercise its discretion. *See, e.g., In re Watson*, 259 S.W.3d 390, 392 (Tex. App.—Eastland 2008, orig. proceeding). Moreover, relators have not established, based on the factual and procedural background herein, that any alleged abuse of discretion could not be adequately remedied by appeal. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462. Accordingly, the petition for writ of mandamus is denied without prejudice. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
30th day of June, 2011.