

# NUMBER 13-25-00143-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE LAUREN ORTIZ

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice Cron[1]**

By petition for writ of mandamus, relator Lauren Ortiz contends that the trial court[2]

abused its discretion by: (1) refusing to sign an agreed final order to incorporate a

mediated settlement agreement when the agreement was executed in compliance with

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This petition for writ of mandamus arises from trial court cause number F-3298-14-7 in the County Court at Law No. 7 of Hidalgo County, Texas, and the respondent is the Honorable Sergio Valdez. *See id.* R. 52.2.

the family code; (2) refusing to sign the agreed final order when such an action is a ministerial function; and (3) denying Ortiz's motion to make a record of an in-chambers interview with the minor children. We conditionally grant the petition for writ of mandamus, in part, and deny without prejudice, in part.

## I. BACKGROUND

This original proceeding arises from a suit involving the parent-child relationship. Ortiz and real party in interest Kent Forest Quackenbush were divorced on November 17, 2014. At the time, they had two minor children, A.R.Q. and S.F.Q. Thereafter, Quackenbush sought to modify the parent-child relationship, and he ultimately filed a motion to appoint a mediator. After mediation, on September 23, 2024, Ortiz and Quackenbush executed a mediated settlement agreement resolving the matters at issue in the lawsuit. On October 15, 2024, the trial court issued a "Supplemental Order" which provides that it was issued "in the best interest of the children." The order stated that:

> The Court previously held hearings whereby the Court received evidence, conferred with the children and thereafter [s]ealed certain documents. The Court issued Temporary Orders following said events, including a verbal Order that required the Guardian Ad Litem to advise the Court of an appropriate time for the children to continue their conference with the Court. The Court now Orders the Guardian Ad Litem to advise the Court of dates and times when the children are available to confer with the Court without interferences to their academic or extracurricular activities.

On October 21, 2024, the guardian ad litem advised the trial court that the children would be available on the afternoon of October 23, 2024. On October 22, 2024, the trial court ordered the children to appear at an in-chamber conference on October 23, 2024, at 4:00 p.m. Later that day, Ortiz filed a motion to strike the trial court's order requiring the children to submit to an in-chambers conference. Ortiz alleged, in relevant part:

2

> Since the issues before the Court have been determined by the Mediated Settlement Agreement between the parties, and since there is no allegation that either of the parties was or is a victim of family violence, there is no further need for the Court to visit with the children with regard to this case. In point of fact, the children desire to have the litigation between their parents end, and to not be required to meet with additional third persons, including this Honorable Court, which was one of the considerations in reaching the Mediated Settlement Agreement.

The morning of October 23, 2024, the trial court denied Ortiz's motion to strike and ordered the parties to comply with its order regarding the in-chambers conference. That same morning, Ortiz filed a motion to make a record of the trial court's interview with the minor children. *See* TEX. FAM. CODE ANN. § 153.009(f). On October 24, 2024, the trial court determined that Ortiz's motion to record the interview was moot. Its ruling provided the following:

> THIS MOTION WAS FILED BY COUNSEL ON OCTOBER 23, 2024 AT 11:56 A.M., AND WAS NOT AVAILABLE TO THE COURT ON THE ODYSSEY SYSTEM AT THIS TIME
>
> ON OCTOBER 24, 2024 AT 8:26 A.M., THE DEPUTY DISTRICT CLERK ACCEPTED THIS MOTION INTO THE SYSTEM, AND IT WAS THEN AVAILABLE TO THE COURT THROUGH THE ODYSSEY SYSTEM
>
> THE COURT, THUS BECAME AWARE OF THIS FILING FOR THE FIRST TIME ON OCTOBER 24, 2024 AT 8:26 A.M.
>
> THE COURT FINDS THIS MOTION TO BE MOOT

On December 4, 2024, Ortiz filed a motion to enter agreed final orders in the suit to modify the parent-child relationship.[3] The trial court originally set this motion to be heard on April 10, 2025, then sua sponte reset the hearing to occur on July 28, 2025.

---

[3] Although Ortiz's motion requests the trial court to enter "Agreed Final Orders," Ortiz's motion states that Quackenbush had not provided objections or revisions to her proposed agreed final order and had not yet signed the proposed agreed order.

3

This original proceeding ensued on March 27, 2025. By three issues, Ortiz asserts that the trial court abused its discretion by not entering judgment on the mediated settlement agreement; it had a ministerial duty to enter judgment; and the trial court abused its discretion by not making a record of the in-chambers interview with the minor children. Ortiz also filed a motion to stay the trial court proceedings pending the resolution of her petition for writ of mandamus *See* TEX. R. APP. P. 52.10. This Court granted Ortiz's motion to stay, and requested Quackenbush, or any others whose interest might be affected by the relief sought, including but not limited to Savannah Gonzalez, the guardian ad litem for minor children A.R.Q. and S.F.Q., to file a response to the petition for writ of mandamus. *See id.* R. 52.2, 52.4, 52.8. Quackenbush filed a response advising us that he "concurs" with Ortiz's petition for writ of mandamus, and "has no objection at this time." He requests that we grant Ortiz's request for relief. Gonzalez did not favor the Court with a response to Ortiz's petition for writ of mandamus.

## II.    MANDAMUS

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam). Mandamus relief is available to remedy a trial court's erroneous failure to enter judgment on a mediated settlement agreement. *In re Lee*, 411 S.W.3d 445, 450 n.7 (Tex. 2013) (orig. proceeding); *In re Torres*, 688 S.W.3d 359, 368 (Tex. App.—Dallas 2024, orig. proceeding); *In re Minix*, 543 S.W.3d 446, 450 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding [mand. denied]).

4

### III. MEDIATED SETTLEMENT AGREEMENT

"It is the policy of this state to encourage the peaceable resolution of disputes, with special consideration given to disputes involving the parent-child relationship, including the mediation of issues involving conservatorship, possession, and support of children, and the early settlement of pending litigation through voluntary settlement procedures." TEX. CIV. PRAC. & REM. CODE ANN. § 154.002; *see In re A.C.*, 560 S.W.3d 624, 632 (Tex. 2018); *In re Lee*, 411 S.W.3d at 449. To further this policy, the Texas Family Code provides "various mechanisms," including mediation, "to encourage expeditious resolution of suits affecting the parent–child relationship without the necessity of a full evidentiary trial." *In re A.C.*, 560 S.W.3d at 632. A mediated settlement agreement reached after mediation is binding on the parties if the agreement:

    (1)    provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;

    (2)    is signed by each party to the agreement; and

    (3)    is signed by the party's attorney, if any, who is present at the time the agreement is signed.

TEX. FAM. CODE ANN. § 153.0071(d). If a mediated settlement agreement meets these requirements, "a party is entitled to judgment on the mediated settlement agreement." *Id.* § 153.0071(e). And, in those circumstances, "a trial court generally does not have discretion to decline to enter judgment on or deviate from [a mediated settlement agreement]." *In re A.D.B.*, 640 S.W.3d 604, 610 (Tex. App.—Houston [14th Dist.] 2022, no pet.); *see In re Lee*, 411 S.W.3d at 450. "Whether a mediated settlement agreement complies with statutory requirements is a question of law, which we review de novo." *In re A.D.B.*, 640 S.W.3d at 610; *see In re Minix*, 543 S.W.3d at 451.

5

However, § 153.0071(e-1) provides that a court may decline to enter a judgment on a mediated settlement agreement if the court finds:

(1)     that:

(A)     a party to the agreement was a victim of family violence, and that circumstance impaired the party's ability to make decisions; or

(B)     the agreement would permit a person who is subject to registration under Chapter 62, Code of Criminal Procedure, on the basis of an offense committed by the person when the person was 17 years of age or older or who otherwise has a history or pattern of past or present physical or sexual abuse directed against any person to:

(i)      reside in the same household as the child; or

(ii)     otherwise have unsupervised access to the child; *and*

(2)     that the agreement is not in the child's best interest.

TEX. FAM. CODE ANN. § 153.0071(e-1) (emphasis added). Interpreting this section, the supreme court has held that "a trial court may not deny a motion to enter judgment on a properly executed [mediated settlement agreement] under section 153.0071 based on a broad best interest inquiry." *In re Lee*, 411 S.W.3d at 457–58; *see Highsmith v. Highsmith*, 587 S.W.3d 771, 775 (Tex. 2019); *In re A.D.B.*, 640 S.W.3d at 609.

In her first two issues, Ortiz asserts that the trial court abused its discretion by refusing to sign an agreed final order incorporating the mediated settlement agreement because the agreement complied with the requirements of the family code and because it was a "ministerial function." Here, the mediated settlement agreement expressly provides, in bold, underlined capital letters, that "**THIS AGREEMENT IS NOT SUBJECT TO REVOCATION**." *See* TEX. FAM. CODE ANN. § 153.0071(d)(1). The agreement is signed by both Ortiz and Quackenbush, *see id.* § 153.0071(d)(2), and their respective attorneys. *See id.* § 153.0071(d)(3).

6

We conclude that the mediated settlement agreement complies with the statutory requirements and is binding on the parties. *See generally id.* § 153.0071(d). Moreover, Ortiz's motion to enter judgment based on that agreement was filed more than four months ago, yet the trial court's hearing on her motion is not scheduled to occur until July 28, 2025. At that point, Ortiz's motion will have been pending for seven months without a ruling. Based on the foregoing, we agree, in part, with Ortiz's contentions insofar as her petition for writ of mandamus is premised on the trial court's failure to rule. *See, e.g.*, *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding) (granting relief for a delay of more than seven months in ruling on a motion to compel arbitration); *In re Shredder Co.*, 225 S.W.3d 676, 679–80 (Tex. App.—El Paso 2006, orig. proceeding) (granting relief for a delay of more than six months in ruling on a motion to compel arbitration); *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding) (granting relief for a six-month delay in ruling on a motion for partial summary judgment).

However, at this juncture in the case and on this record, we cannot agree that the trial court abused its discretion by refusing to enter judgment based on the mediated settlement agreement or that it otherwise had a ministerial duty to do so. "While Section 153.0071(e) provides that a party is entitled to judgment on [a mediated settlement agreement], it does not make such a judgment automatic." *Jardon v. Pfister*, 593 S.W.3d 810, 822 (Tex. App.—El Paso 2019, no pet.); *see* TEX. FAM. CODE ANN. § 153.0071(d), (e), (e-1), (f). In this regard, Ortiz concedes that "[a]n argument could be made" that the statutory exception applies in this case; however, she asserts that such an argument "clearly fails because there is no evidence" supporting the statutory exception. Based on

our review of the mandamus record, it is evident that the trial court is privy to evidence that is not before us in this original proceeding. Likewise, the mandamus record is devoid of any recommendation from the guardian ad litem. In these specific circumstances, we decline to hold that the parties are entitled to judgment on the mediated settlement agreement. Instead, as in most original proceedings, we exercise our jurisdiction to direct the trial court to exercise its discretion; however, we may not tell the court what its decision should be. *See In re GTG Sols., Inc.*, 642 S.W.3d 47, 51 (Tex. App.—El Paso 2021, orig. proceeding); *In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding).

Based on the foregoing, we sustain, in part, Ortiz's first issue regarding the trial court's duty to rule and overrule her second issue pertaining to the trial court's ministerial duty to rule.

## IV.    RECORD

In her third issue, Ortiz asserts that the trial court abused its discretion by denying her motion to make a record of the trial court's in-chambers interview with minor children A.R.Q. and S.F.Q. Ortiz asserts that the children were twelve and fourteen at the time, and the family code required the trial court to record their in-camera interview. In this regard, the family code provides that: "On the motion of a party, the amicus attorney, or the attorney ad litem for the child, or on the court's own motion, the court shall cause a record of the interview to be made when the child is 12 years of age or older. A record of the interview shall be part of the record in the case." TEX. FAM. CODE ANN. § 153.009(f); *see generally In re Marriage of Comstock*, 639 S.W.3d 118, 132–37 (Tex. App.—Houston

8

[1st Dist.] 2021, no pet.). Ortiz contends that the trial court should thus be ordered to disregard any evidence that it obtained from the children's in-chambers meeting.

As an initial matter, the trial court did not deny Ortiz's motion, but rather, concluded that it was moot because it apparently did not see her motion prior to the in-chambers interview with the children. In any event, we conclude that Ortiz's complaint is not subject to review in this original proceeding. "Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022) (orig. proceeding) (quoting *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) (per curiam)). There is no indication in this record that Ortiz has requested the trial court to disregard any evidence derived from the October 23, 2024, in-chambers conference, or that the trial court would refuse to do so if requested. *See In re Watson*, 259 S.W.3d 390, 393 (Tex. App.—Eastland 2008, orig. proceeding) (denying a petition for writ of mandamus when the trial court had not yet "fully exercised its discretion").

## V. CONCLUSION

The Court, having examined and fully considered Ortiz's petition for writ of mandamus, Quackenbush's response, and the applicable law, is of the opinion that Ortiz has met her burden to obtain mandamus relief, in part, as stated herein. Accordingly, we lift the stay previously issued in this case. We conditionally grant the petition for writ of mandamus, in part, and we direct the trial court to rule expeditiously on Ortiz's motion for entry of judgment. We deny the petition for writ of mandamus in all other respects without

9

prejudice. We are confident the trial court will promptly comply, and our writ will issue only if the trial court fails to act in accordance with this opinion.

JENNY CRON
Justice

Delivered and filed on the
22nd day of April, 2025.